UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MELVIN LEE PULLEY,

    *Petitioner*

v.

UNITED STATES OF AMERICA,

    *Respondent.*

_____/

CRIM. CASE NO: 1:17-cr-20459
CIV. CASE NO: 1:19-cv-11575
DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PETITIONER'S 28 U.S.C. § 2255 MOTION
TO VACATE, SET ASIDE, OR CORRECT SENTENCE**
(R.77)

## I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Petitioner's motion to vacate (R.77) be **DENIED** and that the civil case be **DISMISSED.**

## II.    REPORT

### A.    Introduction

Pursuant to a Rule 11 plea agreement, Petitioner pleaded guilty to sex trafficking of a minor in violation of 18 U.S.C. § 1591. (R.33, 35, 37.) A sentencing hearing was held and on May 30, judgment entered and Petitioner was sentenced to 190 months incarceration and 5 years supervised release. (R.47.) Petitioner did not file an appeal. After an extension of time was granted, Petitioner filed the instant motion to vacate under 28 U.S.C. § 2255. (R.77.) After extensions of time were granted, Respondent filed a response on June 25, 2019. (R.88.) The instant motion has been referred to the undersigned (R.79) and is ready for report and recommendation.

**B.     Law and Analysis**

To prevail on a § 2255 motion "'a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of section 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a section 2255 motion alleging non-constitutional error only by establishing a "'fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process.'" *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotation marks omitted)). Ineffective assistance of counsel claims "may be brought in a collateral proceeding under § 2255 whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504 (2003).

Claims of ineffective assistance of counsel are governed by the U.S. Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Court enunciated a two-pronged test that must be satisfied to prevail on an ineffective assistance of counsel claim. First, the movant must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Id.* at 688. "Constitutionally effective counsel must develop trial strategy in the true sense – not what bears a false label of 'strategy' – based on what investigation reveals witnesses will actually testify to, not based on what counsel guesses they might say in the absence of a full investigation." *Ramonez v. Berghuis*, 490 F.3d 482, 488 (6th Cir. 2007). Second, the movant must show that he was prejudiced by the deficiency to such an extent

that the result of the proceeding is unreliable. *Strickland*, 466 U.S. at 688. It is not enough to show that the alleged error "had some conceivable affect on the outcome of the proceeding." *Id.* Rather, the movant must show that, but for counsel's errors, the result would have been favorably different. *Id*. at 693. Failure to make the required showing under either prong of the *Strickland* test defeats the claim. *Id*. at 700.

The Supreme Court has explained that "[t]he essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986). This language highlights the Supreme Court's consistent view that the Sixth Amendment right to counsel is a safeguard to ensure fairness in the trial process.

In *Lockhart v. Fretwell*, 506 U.S. 364 (1993), the Court clarified the meaning of "prejudice" under the *Strickland* standard, explaining:

> Under our decisions, a criminal defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." . . . Thus, an analysis focusing solely on the mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.

*Lockhart*, 506 U.S. at 369 (citations omitted).

Where a claim for ineffective assistance of counsel is brought following a guilty plea, the "prejudice requirement 'focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process.'" *Utley v. United States*, 2016 WL 337750, at *6 (E.D. Mich. Jan. 28, 2016) (Lawson, J.) (*quoting Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). "'In other words, . . . the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Id*. (citations

3

omitted). However, the Supreme Court has explained that "'*Hill* does not, however, provide the sole means for demonstrating prejudice' . . . . [P]rejudice may lie where a petitioner demonstrates that counsel's deficient performance infected his decisionmaking process, and thus undermines confidence in the outcome of the plea process." *Rodriguez-Penton v. United States*, 905 F.3d 481, 487-88 (6th Cir. 2018) (*quoting Missouri v. Frye*, 566 U.S. 134, 141-42 (2012) and *citing Lee v. United States*, 137 S. Ct. 1958, 1967 (2017)).

In the instant case, Petitioner claims his attorney was ineffective because she: (1) "stated I could not withdraw my plea before sentencing"; (2) "after sentencing stated I could not appeal my sentence"; and (3) "[d]idn't challenge the P.S.I. about further criminel [*sic*] activety [*sic*]." (R.77 at PageID.313.) Petitioner also argues that counsel "[f]ailed to explain the Rule 11 and tricked me into signing, never explained my other options, I was told I was going to be giving life if I didn't agree." (R.77 at PageID.314.) Petitioner further argues that "4-Amendment Due Process I was mislead in every part of this procedings [*sic*] lawyer did not have my best interest at heart." (R.77 at PageID.315.) Finally, Petitioner argues under "due process" that he "was never given the opportunity to have a discovery hearing." (R.77 at PageID.317.) Petitioner does not further explain or flesh out any of these allegations beyond the bare assertions quoted above.

These "bare allegations listed in Movant's §2255 motion (ECF No.1) are conclusory and fail under the *Strickland* two-prong test." *Wade v. United States*, 2015 WL 4475609, at *3 (W.D. Mich. July 21, 2015). In addition, such bare assertions "fail[] to provide any factual support for this claim in violation of Rule 2(b) of the Rules Governing Section 2255 Proceedings for the United States District Court." *Parks v. United States*, 2013 WL 427256, at *5 (E.D. Tenn. Feb. 4, 2013);

4

*see also Livesay v. United States*, 2019 WL 2110509, at *4 (E.D. Tenn. May 14, 2019) ("Bald assertions do not suffice to carry the burden; factual support must be given.").

Petitioner does not claim that his plea was made unknowingly or involuntarily. Petitioner does not even allege that but for his counsel's failures, he would have proceeded to trial. Although Petitioner contends that he was told he could not withdraw his plea, he fails to even expressly allege that he wanted to withdraw his plea and go to trial, and he does not he assert any specific problems with the plea bargaining or plea-taking process that would provide a reason to seek withdrawal of the plea. Thus, Petitioner's assertions do not even facially state sufficient prejudice to obtain relief under §2255. *See Hill*, 474 U.S. at 59; *Rodriguez-Penton*, 905 F.3d at 487-88; *Utley*, 2016 WL 337750, at *6.* Since Petitioner has failed to even assert prejudice, I need not address whether counsel was constitutionally insufficient; but I note that the government's response sets forth good reasons why defense counsel's performance was not insufficient. (R.88.)

In addition, the record belies any claims that Petitioner was mislead or unaware of the potential consequences of his plea. (R.42.) Petitioner indicated that he had sufficient time to discuss the plea agreement with his lawyer, that he understood the terms of the agreement, and that he was satisfied with his lawyer's advice. (R.42 at PageID.170-71.) Petitioner was advised of the rights he was giving up by pleading guilty and he indicated he understood them. (R.42 at PageID.171-73.) The Assistant United States Attorney went over the plea agreement, including the waivers of his right to appeal his conviction and sentence. (R.42 at PageID.174-79.) More specifically, Petitioner was told that, because he was giving up his right to appeal his conviction on any grounds, that he would not be able to successfully argue that he "didn't understand what was happening in today's plea process, you had no idea that you could be sentenced so harshly as

5

you were by Judge Ludington, you're not really guilty, you just pled guilty to get this over with or because your lawyer thought it was a good deal. None of those types of arguments will be successful. Do you understand that?" Petitioner responded, "Yes, Your Honor." (R.42 at PageID.179.) When further told that the court "want[ed] to make sure that if you have any questions about the terms of the agreement or the consequences of the terms of the agreement, or anything that we've said here today, that you would be at least comfortable enough that you could ask a question about that either to me directly or through your lawyer. Do you think you could do that?" and Petitioner responded that he could. (R.42 at PageID.180.) When Petitioner was told that the court would "hold him to that" and asked Petitioner to "make a promise that you, if you have any questions, concerns about anything, that you will bring it forward here today. And do you promise to do that, sir?" to which Petitioner responded, "Yes, Your Honor." (*Id.*) The Court then went over the waivers regarding his right to withdraw his plea, withdraw form the plea agreement, and appellate right waivers. (R.42 at PageID.180-82.) The Court then advised Petitioner of the sentencing judge's powers and assured the voluntariness of his plea, then his lawyer questioned him as to the factual basis. (R.42 at PageID.182-86.) Petitioner then pleaded guilty. (R.42 at PageID.186.) Petitioner's sworn statements as to his understanding of the plea agreement, the possible consequences, the rights he had and those he indicated he would be willing to give up, and the voluntariness of his plea, cannot be undone with such conclusory assertions as stated in Petitioner's motion. *Warfield v. United States*, 2011 WL 4436520, at *5 (W.D. Ky. Aug. 19, 2011) (Petitioner's "ineffective assistance claim fails because his bare assertions in support are not credible in light of his sworn statements during the change of plea hearing." (*citing Blackledge v. Allison*, 431 U.S. 63, 74 (1977))).

For all the reasons stated above, I recommend that Petitioner's motion to vacate sentence be denied.

### C. Evidentiary Hearing

Section 2255 states that

> [u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255(b). The Sixth Circuit has "observed that a Section 2255 petitioner's burden for establishing an entitlement to an evidentiary hearing is relatively light." *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003) (citation omitted). "In reviewing a § 2255 motion in which a factual dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007).

On the other hand, no hearing is required if the motion's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted). Additionally,

> The words 'grant a prompt hearing' are not magic words requiring a district judge, who is fully familiar with the circumstances under which a guilty plea was made, to duplicate procedures and conduct a hearing to resolve alleged fact issues which can and should be decided on the record that already exists.

*United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993).

In the instant case, there is no material factual dispute that a hearing could address. I therefore suggest that Petitioner is not entitled to a hearing on the allegations raised in his motion.

### D.     Conclusion

For all the reasons stated above, I recommend that the Court deny Petitioner's motion to vacate sentence. (R.77.)

## III.    REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same

order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.3

Date: August 8, 2019            S/ PATRICIA T. MORRIS
                                         Patricia T. Morris
                                         United States Magistrate Judge

## CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record. A copy was also sent via First Class Mail to Melvin Lee Pulley #55743039 at Hazelton U.S. Penitentiary, Inmate Mail/Parcels, P.O. Box 5000, Bruceton Mills, WV 26525.

Date: August 8, 2019            By s/Kristen Castaneda
                                         Case Manager